IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILMINGTON TRUST, NA, Successor Trustee to Citibank, N.A., Trustee, in Trust for Registered Hodlers of Bear Stearns Asset Backed Securities 2007-SD2, Asset-Backed Certificates, Series 2007-SD2,**<br>   Plaintiff,<br><br>   v.<br><br>**ANGELO ADSON, and**<br>**STACEY L. JULYE,**<br>   Defendants/Third Party Plaintiffs,<br><br>   v.<br><br>**DR. BEN CARSON, Secretary of United States Department of Housing and Urban Development,**<br>   Third Party Defendant. | CIVIL ACTION<br><br>NO. 17-2322 |

**DuBois, J.**    June 15, 2018

## **M E M O R A N D U M**

### I. INTRODUCTION

This case arises out of Angelo Adson and Stacey L. Julye's ("borrowers") default on their mortgage on a residential property. Wilmington Trust, N.A, successor mortgagee, brought a foreclosure action against borrowers. Borrowers thereafter filed a Third Party Complaint against Dr. Ben Carson in his capacity as Secretary of the United States Department of Housing and Urban Development ("HUD"). In the Third Party Complaint, borrowers bring claims against HUD for breach of contract, fraud, and breach of the covenant of good faith and fair dealing for not providing Fair Housing Administration insurance on the mortgage. Presently before the Court is HUD's Motion to Dismiss the Third Party Complaint. For the reasons that follow, the Motion is granted.

## II. BACKGROUND

The facts as alleged in borrowers' Third Party Complaint are as follows. On July 19, 2000, borrowers obtained a home mortgage loan from Hansen Mortgage Services, Inc. in the amount of $147,682. Third Party Compl. ¶¶ 22, 23. Borrowers allege that they contracted with HUD for Federal Housing Administration ("FHA") mortgage insurance and paid monthly premiums to HUD. Third Party Compl. ¶¶ 23, 24.

On March 12, 2015, Wilmington Trust, N.A. ("Wilmington Trust"), the successor mortgagee, filed a Complaint in the Court of Common Pleas of Delaware County alleging that borrowers defaulted on their mortgage. Third Party Compl. ¶ 41; Notice of Removal ¶ 1. On June 26, 2015, the Court of Common Pleas entered a default judgment against borrowers. Third Party Compl. ¶ 49. On December 5, 2015, the Delaware County Sheriff posted a Notice of Sheriff Sale on borrowers' property, scheduling the sale for January 15, 2016. The Court of Common Pleas postponed the sale on January 15, 2016, and thereafter stayed the sale on May 23, 2016. Third Party Compl. ¶¶ 53, 58. Borrowers allege that Wilmington Trust did not provide loss mitigation measures required for FHA insured mortgages. Third Party Compl. ¶ 42.

Borrowers filed the Third Party Complaint on April 12, 2017, against Dr. Ben Carson in his capacity as HUD Secretary. That Complaint asserts the following claims: breach of contract (Count 1); common law fraud (Count 2); and breach of the covenant of good faith and fair dealing (Count 3). In each count, borrowers seek repayment of the mortgage loan amount of $197,682; attorney's fees of $150,000; $500 court costs; and punitive damages.

Pursuant to 28 U.S.C. § 1442(a)(1), which allows civil actions commenced in state court against the United States, its agencies, or it officers, to be removed to the United States District Court for the district in which the action is pending, HUD filed a Notice of Removal on May 22,

2017. HUD thereafter filed a Motion to Dismiss the Third Party Complaint and borrowers filed their Response. The Motion is thus ripe for review.

HUD presents the following arguments in its Motion to Dismiss the Third Party Complaint. HUD first contends that this Court lacks jurisdiction over these claims because (1) the borrowers lack standing to asserts claims against HUD; (2) the National Housing Act, 12 U.S.C. §1701, *et. seq.* ("NHA") precludes judicial review of loss mitigation decisions; and (3) this Court lacks jurisdiction on the grounds of sovereign immunity and the Tucker Act. Second, HUD argues that the borrowers fail to state a claim upon which relief can be granted because (1) borrowers fail to allege an enforceable contract; (2) even if there were an enforceable contract, borrowers fail to allege a contract between FHA and borrowers; (3) without a valid contract, there is no claim for breach of the covenant of good faith and fair dealing; (4) borrowers fail to plead a fraud claim because they do not allege any representations made by HUD; and (5) borrowers' Third Party Complaint is untimely pursuant to Pennsylvania Rule of Civil Procedure 2253(a)(1), Pennsylvania's two-year statute of limitations for fraud claims, and Pennsylvania's four-year statute of limitations for contract claims.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides that a court may dismiss a complaint for "lack of jurisdiction over the subject matter" of a case. The plaintiff has the burden of establishing subject matter jurisdiction. *See Carpet Group Int'l v. Oriental Rug Imp. Ass'n*, 227 F.3d 62, 69 (3d Cir. 2000) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). "Without jurisdiction the court cannot proceed at all in any case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (citation omitted).

Two types of challenges to a court's jurisdiction may be made under Rule 12(b)(1). *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017). A facial attack under Rule 12(b)(1) "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). In a facial attack, the court applies the same standard as under Rule 12(b)(6). *Horizon Healthcare Servs.*, 846 F.3d at 633. In a factual attack, however, a court may "weigh and consider evidence outside the pleadings." *Davis*, 824 F.3d at 346. In a factual attack, the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" and "the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Id.* (quoting *Mortensen*, 549 F.2d at 891). "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Mortensen*, 549 F.2d at 891. HUD's sovereign immunity challenge, which is the basis of the Court's decision to grant HUD's Motion to Dismiss, is a facial challenge.

## IV. DISCUSSION

The Court agrees with HUD that the Court does not have jurisdiction over these claims based on sovereign immunity and the Tucker Act, 28 U.S.C. §§ 1346, 1491. The Court does not address the remainder of the Government's arguments.

### A. Applicable Law: Sovereign Immunity

"It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Sovereign immunity applies to the Federal Government and its agencies. *See, e.g.*,

*F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text." *Lane v. Pena*, 518 U.S. 187, 192 (1996). "Moreover, a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Id.*

### B. The Administrative Procedure Act's waiver of sovereign immunity does not apply to borrowers' claims because they are seeking money damages.

The Administrative Procedure Act, 5 U.S.C. § 1001, *et. seq.* ("APA") waives sovereign immunity for certain suits by a "person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute." 5 U.S.C. § 702. Such individuals are authorized to bring an "action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority." *Id.* Because borrowers seek money damages from HUD in this case, their claims are not covered by the APA's waiver of sovereign immunity.

### C. The NHA's waiver of sovereign immunity is inapplicable in this case because borrowers' claims do not arise under the NHA.

The NHA provides a waiver of sovereign immunity for violations of specific and enumerated subchapters of the NHA. 12 U.S.C. § 1702. However, the NHA's waiver of sovereign immunity only applies to claims arising under the NHA. *Unimex, Inc. v. HUD*, 594 F.2d 1060, 1061 (5th Cir. 1979) ("While the appellants cited Section 1702 of the National Housing Act, 12 U.S.C. § 1702, which waives sovereign immunity for actions arising under that Act, the complaint did not assert, either expressly or by inference, any violation of that Act.").

Because borrowers bring common law contract and tort claims which do not arise under the NHA, the NHA's waiver of sovereign immunity does not apply to their claims.

### D. Borrowers' fraud claim is barred by the Federal Tort Claims Act.

The Federal Tort Claims Act, 28 U.S.C. § 2671, *et. seq.* ("FTCA") is a statutory waiver of sovereign immunity for tort claims against the United States. *See Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). However, the FTCA provides only a limited waiver of sovereign immunity for certain common law tort claims. Borrowers' fraud claim is barred by the FTCA's express preservation of sovereign immunity for "[a]ny claim arising out of . . . misrepresentation, deceit, or interferences with contract rights." 28 U.S.C. § 2680(h). Borrowers' common law fraud claim in Count 2 of the Third Party Complaint falls within the scope of this statutory language. *See Villegas v. United States*, 926 F.Supp.2d 1185, 1206 (E.D. Wash. 2013) (holding that, pursuant to the FTCA, the court lacks subject matter jurisdiction over fraud claim against the United States).

### E. The United States Court of Federal Claims has exclusive jurisdiction over borrowers' contract claims.

The Tucker Act creates no substantive right of recovery; rather it waives sovereign immunity and defines the limits of federal jurisdiction in actions against the United States for non-tort money damages. *See United States v. Testan*, 424 U.S. 392, 400 (1976); *Chabal v. Reagan*, 822 F.2d 349, 353 (3d Cir. 1987). Section 1491, referred to as the Big Tucker Act, states in relevant part:

> The United States [Court of Federal Claims] shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress, or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. 1491(a)(1). Claims within the scope of the Tucker Act that exceed $10,000 are within the exclusive jurisdiction of the United States Court of Federal Claims. *Parker v. King*, 935 F.2d 1174, 1178 (11th Cir. 1991), *cert. denie*d, 505 U.S. 1229 (1992). For any claims that do not exceed $10,000, this Court has concurrent jurisdiction with the Court of Federal Claims pursuant to the Little Tucker Act, 28 U.S.C. § 1346.

Borrowers' claims in Count 1, in which borrowers seek to recover for breach of contract, and Count 3, in which borrowers seek to recover for breach of the covenant of good faith and fair dealing, are non-tort money damages claims against the United States and, therefore, fall within the scope of the Tucker Act. *See Parker*, 935 F.2d at 1178. Borrowers do not dispute that the Tucker Act is the basis for jurisdiction over their claims against HUD. Resp. 11–12. Borrowers' claims are for more than $10,000, so they fall within the scope of the Big Tucker Act. Accordingly, the Court of Federal Claims has exclusive jurisdiction to hear borrowers' contract claims against HUD.

### F. The Court remands Wilmington Trust's action against borrowers to the Court of Common Pleas of Delaware County.

"When a [jurisdictional] requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). "Subject-matter jurisdiction can never be waived or forfeited." *Id.* This action was removed by HUD pursuant to 28 U.S.C. § 1442(a)(1), which gives United States District Courts jurisdiction over actions against the United States. Upon dismissal of HUD, there is no longer a basis for subject matter jurisdiction. Accordingly, this case is remanded to the Court of Common Pleas of Delaware County.

## V. CONCLUSION

For the foregoing reasons, HUD's Motion to Dismiss is granted. The Court grants that part of HUD's Motion seeking to dismiss borrowers' fraud claim in Count 2 of the Third Party Complaint with prejudice on the ground that the FTCA preserves sovereign immunity for fraud claims against the United States. The Court grants that part of HUD's Motion seeking to dismiss borrowers' breach of contract claim in Count 1 and breach of the covenant of good faith and fair dealing claim in Count 3 without prejudice to borrowers' right to refile those claims in the United States Court of Federal Claims on the ground that the Tucker Act gives the Court of Federal Claims exclusive jurisdiction over contract claims against the United States that exceed $10,000.

The Court remands this case to the Court of Common Pleas of Delaware County on the ground that this action is no longer a civil action against an agency of the United States pursuant to 28 U.S.C. § 1442(a)(1). There is no longer a basis for subject matter jurisdiction over plaintiff's foreclosure action, the only remaining claim.

An appropriate order follows.